UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JERRY CHAVEZ,

    Petitioner,

    v.

CLARK E. DUCART,[1] Warden,

    Respondent.

Case No. 13-cv-04690-YGR  (PR)

**ORDER DENYING WITHOUT PREJUDICE RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY AND SETTING BRIEFING SCHEDULE**

Petitioner Jerry Chavez, a state prisoner, filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Before the Court is Respondent's motion to dismiss on the ground that it is time-barred under 28 U.S.C. § 2244(d), the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Dkt. 15. Petitioner filed an opposition to the motion. Dkt. 16. Respondent filed a reply. Dkt. 18.

Having considered all of the papers filed by the parties, the Court DENIES Respondent's motion to dismiss without prejudice to refiling it and addressing the equitable tolling issue below.

## BACKGROUND

On November 8, 2010, in Santa Clara County Superior Court Case No. CC768276, Petitioner pled guilty to voluntary manslaughter with personal use of a firearm in exchange for the dismissal of a charge of felony murder. Dkt. 1 at 4. On March 11, 2011, he was sentenced to twenty-one years in state prison, consecutive to his other pending case. Dkt. 1, Ex. F. In Santa Clara County Superior Court Case No. 211398, Petitioner pled guilty to conspiracy to sell drugs, conspiracy to transport drugs, and participation in a criminal street gang. Dkt. 1 at 6. Also on March 11, 2011, he was sentenced to five years and eight months. Dkt. 1, Ex. G. Petitioner did not appeal the aforementioned convictions.

On July 17, 2012,[2] Petitioner filed his first state habeas petition in the California Supreme

---

[1] Clark E. Ducart, the current warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1   Court, which was denied on November 14, 2012.  Dkt. 15, Ex. 1 (Case No. S204213).

2         On September 13, 2012, Petitioner filed a second state habeas petition in the California

3   Supreme Court, which was denied on November 14, 2012, with a citation to *In re Dexter*, 25 Cal.

4   3d 921, 925-926 (1979) (petitioner must exhaust administrative remedies for claim).  Dkt. 15; Ex.

5   2 (Case No. S205377).

6         On October 25, 2012, Petitioner filed a motion to modify the restitution fines in the Santa

7   Clara County Superior Court, which was denied on October 29, 2012, as waived, untimely, and

8   for lack of jurisdiction.  Dkt. 1, Ex. N.

9         On December 12, 2012, Petitioner filed a state habeas petition in the California Court of

10  Appeal, which was denied on January 18, 2013.  Dkt. 15, Ex. 3 (Case No. H039100).

11        On March 14, 2013, Petitioner filed his third state habeas petition in the California

12  Supreme Court, which was denied on May 15, 2013.  Dkt. 15, Ex. 4 (Case No. S209369).

13        On December 30, 2013, Petitioner filed another habeas petition in the California Court of

14  Appeal, which was denied on February 21, 2014.  Dkt. 15, Ex. 5 (Case No. H040507).  The denial

15  order noted that to the extent Petitioner was claiming he was improperly validated as a gang

16  member, the petition was denied without prejudice to allow him to exhaust administrative

17  remedies.  *Id.*

18        On September 4, 2013,[3] Petitioner filed the instant federal petition, alleging in part that the

19  trial court improperly imposed restitution fines in his two cases and breached the terms of the plea

20  agreement, and that his attorney was ineffective for failing to object to the restitution fines.  Dkt. 1

21  at 4-6.[4]

---

[2] A *pro se* federal or state habeas petition is deemed filed on the date it is delivered to prison authorities for mailing.  *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), *vacated and remanded on other grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002) (holding that a federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than on the date it is received by the court).  Petitioner signed his first state supreme court petition and his federal habeas petition on July 17, 2012 (Dkt. 15 at note 1) and September 4, 2013 (Dkt. 1 at 7), respectively.  For the purposes of this discussion, the Court deems those petitions as filed on those dates.  *See Saffold*, 250 F.3d at 1268.
[3] *See supra* note 2.
[4] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Petitioner.

## DISCUSSION

The AEDPA, which became law on April 24, 1996, imposes a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, must satisfy the AEDPA statute of limitations. *See Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1286 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc).

The one-year period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state court of appeals or the state supreme court, but did not, the limitation period will begin running against him the day after the date on which the time to seek such review expired. *See Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002) *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also* Cal. Rule of Court 8.308(a) (providing that appeal from criminal judgment must be filed within sixty days after rendition of judgment or making of order being appealed) (formerly Cal. Rule of Court 31).

As a threshold matter, once a petitioner is notified that his petition is subject to dismissal based on the AEDPA's statute of limitations and the record indicates that the petition falls outside the one-year time period, he bears the burden of demonstrating that the limitations period was sufficiently tolled under statutory and/or equitable principles. *See Smith*, 297 F.3d at 814.

1    In the present case, the statute of limitations started running on May 10, 2011, when his
2    judgment became final sixty days after his March 11, 2011 sentencing. *See* § 2244(d)(1)(A); Cal.
3    Rule of Court 8.308(a). Thus, Petitioner had one year or until May 10, 2012 to file his federal
4    habeas petition. Because he did not file the present petition until September 4, 2013—almost a
5    year and four months after the limitations period had expired—the petition is untimely unless he
6    can show that he is entitled to statutory or equitable tolling. In addition, Petitioner seems to argue
7    that he is entitled to a delayed commencement of the limitations period, as further discussed
8    below.

## I.   STATUTORY TOLLING

AEDPA's one-year statute of limitations is tolled under section 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Tolling applies to one full round of collateral review. *Carey v. Saffold*, 536 U.S. 214, 223 (2002).

Here, the record shows that Petitioner started his round of state collateral review by filing his first state supreme court petition on July 17, 2012. However, as mentioned above, the one-year limitations period had expired two months earlier—on May 10, 2012. A state habeas petition filed after the AEDPA's statute of limitations ended cannot toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Accordingly, Petitioner's state habeas petitions filed in 2012 and 2013 do not revive the limitations period that has already run. Because Petitioner did not meet the one-year requirement for filing the instant federal habeas petition and he is not entitled to statutory tolling, his petition is barred as untimely under 28 U.S.C. § 2244(d)(1) unless he can show that he is entitled to a delayed commencement of the limitations period or equitable tolling.

4

## II.     DELAYED COMMENCEMENT OF THE LIMITATIONS PERIOD

As mentioned above, a petitioner may attempt to justify the late filing of his habeas petition by demonstrating his eligibility for a delayed commencement of the limitations period under either subheadings (B), (C) or (D) of section 2244(d)(1).  Here, Petitioner asserts that he was not able to discover the alleged "error" that was the "factual basis" of his claims, i.e., that restitution fines had been improperly imposed, until the date his sentencing transcripts were mailed to him on August 5, 2013.  Dkt. 16 at 7-8.  Thus, the court assumes Petitioner seeks a delayed onset of the limitations period under 28 U.S.C. § 2244(d)(1)(D), which provides that the limitations period may run from the date on which "the factual predicate of the claim presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  However, the Court finds Petitioner's argument for a delayed commencement to August 5, 2013 to be unavailing because the record shows that almost a year earlier—on October 25, 2012—Petitioner filed a motion for modification of *restitution fines*.  Dkt. 1 at 70.  Thus, Petitioner was clearly aware that restitution fines had been imposed by at least October 25, 2012.  Moreover, Petitioner had access to information which indicates that he should have been aware of the possible restitution fines long before 2012.  The record shows that Petitioner had access to restitution fine recommendations filed in both cases by Probation Officer Christina Manuto, which were both dated February 4, 2011.  *Id.* at 44, 46.  Thus, during his March 11, 2011 sentencing, Petitioner should have been aware of the *possibility* of the imposition of restitution fines based on the probation officer's recommendations.  As Respondent correctly contends, Petitioner was present at sentencing and should have been aware of the facts underlying his claims, even though he may not have realized the legal significance until later.  Dkt. 18 at 3; *see also Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (The time begins "'when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'").

In addition, Petitioner has not shown that he exercised due diligence in discovering the factual predicate of his claims.  "Due diligence does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances."  *Ford v. Gonzalez*, 683 F.3d 1230,

1235 (9th Cir. 2012) (internal quotations and citations omitted). A petitioner need only demonstrate when a reasonable investigation would have uncovered the "newly discovered" facts. *See United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004) (section 2255 petition) (even though petitioner did not have access to trial transcripts, the facts supporting claims which occurred at the time of his conviction could have been discovered if he "at least consult[ed] his own memory of the trial proceedings;" because he did not do so, he did not exercise due diligence and was not entitled to a delayed start of the limitations period under section 2255(4)). Here, even if Petitioner claims he was not aware the restitution fines were imposed at the time of his sentencing, he has not shown that he was diligent in determining *after* sentencing whether such fines would be imposed, especially in light of the fact that the probation officer recommended the imposition of such fines. Accordingly, the Court finds that Petitioner is not entitled to a delayed commencement of the limitations period under section 2254(d)(1)(D).

### III.   EQUITABLE TOLLING

The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling, however, is unavailable on most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288 (citation and internal quotation marks omitted). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). The petitioner bears the burden of showing he is entitled to equitable tolling, and the determination of whether such tolling applies is a fact-specific inquiry. *Id.* Thus, petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him, *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002), and that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time," *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal

6

1  quotation marks and citations omitted). Another statement of the standard is that a litigant seeking
2  equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his
3  rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing
4  timely filing. *Holland*, 560 U.S. at 655 (quoting *Pace*, 544 U.S. at 418); *accord Rasberry v.*
5  *Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006).

6  Where a prisoner fails to show "any causal connection" between the grounds upon which
7  he asserts a right to equitable tolling and his inability to timely file a federal habeas application,
8  the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir.
9  2005). He must, furthermore, show that his untimeliness was caused by an external impediment
10 and not by his own lack of diligence. *Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir.
11 2007).

12 Finally, a development of the record may be required before a district court can determine
13 whether a petitioner is entitled to equitable tolling. For example, in *Laws v. Lamarque*, the Ninth
14 Circuit reversed the district court's order granting a motion to dismiss because it failed to develop
15 the record in response to Law's claim of mental incompetency. 351 F.3d 919, 924 (9th Cir. 2003).
16 The Ninth Circuit found that the allegations of the verified state petition attached to Law's
17 traverse, stating that he was "deprived [] of any kind of cons[ci]ousness" during the period when
18 his petitions should have been filed, may be treated as an affidavit in opposition to the motion to
19 dismiss. *Id.* (*citing McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1987)). The Ninth Circuit
20 determined that a district court should not require the petitioner to carry a burden of persuasion at
21 the time he asserts equitable tolling to merit further investigation into the merits of his arguments
22 for tolling. *Id.* at 924. Instead, Ninth Circuit cases require only that there be "circumstances
23 consistent with [the] petitioner's petition . . . under which he would be entitled to . . . equitable
24 tolling" to trigger further factual development of the record. *Id.* (citing *Whalem/Hunt v. Early*,
25 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (remanding case to district court for development
26 of facts concerning whether AEDPA materials were unavailable in the prison law library and the
27 legal significance of such a finding)). The Ninth Circuit found that the district court erred in
28 granting judgment against Laws based upon the papers before it and that "[i]t [was] enough that

7

1    Laws 'alleged mental incompetency' in a verified pleading." *Laws*, 351 F.3d at 924 (citations

2    omitted). Therefore, the Ninth Circuit held that Laws was entitled to further factual development

3    or an evidentiary hearing on the issue of whether he was precluded from filing his petition by

4    reason of mental impairment. *Id.*

5        In the present case, upon liberally construing his verified opposition, Petitioner alleges that

6    his lack of access to the law library contributed to his delay in filing his federal petition.[5] Dkt. 16

7    at 1-2. Petitioner claims that he was confined in the administrative segregation unit of North Kern

8    State Prison ("NKSP") from March 23, 2011 through May 15, 2012, during which he had no

9    access to the law library. *Id.* Petitioner claims that on May 15, 2012, he was transferred to the

10   California Correctional Institution and that "this was the first time [he] had regular access to the

11   legal library and/or legal resource material to file with the courts." *Id.* at 6.

12       Assuming arguendo that Petitioner *could* avail himself of equitable tolling during the

13   aforementioned time period, the Court first determines whether it would save his petition from

14   being untimely. If the statute of limitations had started to run on the date he regained law library

15   access on May 15, 2012, then Petitioner would have had one year—or until May 15, 2013—to file

16   his federal habeas petition. Petitioner could be entitled to statutory tolling because his first state

17   supreme court petition was filed on July 17, 2012, prior to the limitations period expiring. Before

18   filing his first state supreme court petition on July 17, 2012, the limitations period would have run

19   unabated for a total of 63 days (from May 15, 2012 through July 17, 2012). Petitioner would have

20   been entitled to statutory tolling during the almost four-month period during which his state

21   supreme court petition was pending from July 17, 2012 through November 14, 2012. The

22   limitations period then would have begun to run again when the state supreme court denied his

---

[5] Petitioner also argues that he is entitled to equitable tolling because he is "proceeding *pro se* [and] has little education . . . ." Dkt. 16 at 9. However, ignorance of the law and lack of legal sophistication do not alone constitute extraordinary circumstances warranting equitable tolling. *Rasberry*, 448 F.3d at 1154 (cataloguing cases from other circuits and holding that "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance")); *see also Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of *pro se* petitioner insufficient cause to avoid procedural bar); *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (*pro se* status, illiteracy, deafness and lack of legal training does not justify equitable tolling). Therefore, Petitioner is not entitled to equitable tolling based solely on his *pro se* status and alleged lack of intelligence.

petition on November 14, 2012, and it would run unabated for 294 more days until he filed his federal petition on September 4, 2013. Therefore, only 357 days (63 days plus 294 days) of the limitations period would have run before his federal petition was filed. Said another way, his federal petition could be timely because there was still 8 days (365 days minus 357 days) of the limitations period left when he filed it. Thus, if Petitioner could avail of equitable tolling due to lack of law library access, his federal petition *could* be timely filed based on the aforementioned calculation.

However, Respondent argues that Petitioner is not entitled to equitable tolling due to lack of law library access because the record shows that Petitioner received a letter from his attorney on August 8, 2011, indicating that "all the necessary paperwork is enclosed," and "all necessary legal documents are here to support [his] argument." Dkt. 18 at 2. Respondent thus argues that Petitioner "demonstrated his ability to conduct legal research to prepare a claim during the relevant time period." *Id.* at 3.

The existence of an adequate law library does not provide for meaningful access to the courts if the prisoners are not allowed a reasonable amount of time to use the library. *See Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985). However, the Constitution does not guarantee a prisoner unlimited access to the law library. Prison officials of necessity must regulate the time, manner and place in which library facilities are used. *Id.* The fact that a prisoner must wait for a turn to use the library does not necessarily mean that he has been denied meaningful access to the courts. *Id.* Moreover, prisoners on lockdown or in the Security Housing Unit may face delays in accessing the law library, but so long as the delays are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of constitutional significance, even where they result in actual injury. *Lewis v. Casey*, 518 U.S. 343, 361-62 (1996).

In the instant case, it is conceivable that equitable tolling might be warranted because Petitioner was prevented from preparing a timely petition due to his lack of access to the law library. The Court finds Respondent did not fully address this issue in his reply to Petitioner's opposition. Respondent merely refers to an August 8, 2011 letter from Petitioner's attorney and

9

1    states that it showed that Petitioner had the "ability to conduct legal research and prepare a claim
2    during the relevant period." Dkt. 18 at 3. Such an argument is conclusory, and Respondent fails
3    to address Petitioner's claim that his lack of access to the law library prevented him from filing a
4    timely petition. In support of his claim, Petitioner alleges that while he was housed in
5    administrative segregation at NKSP, "inmates didn't have physical entry access into a facility law
6    library for the purpose of using its legal resources." Dkt. 16 at 2. As mentioned above,
7    Respondent has failed to refute Petitioner's allegations that he was denied law library access
8    during that time.

9    In sum, the Court finds that Respondent has not addressed whether Petitioner is entitled to
10   equitable tolling based on his lack of access to the law library. Accordingly, the Court DENIES
11   Respondent's motion to dismiss without prejudice to renewing the motion and addressing the
12   aforementioned equitable tolling issue raised in Petitioner's opposition.

## CONCLUSION

14   For the foregoing reasons,

15   1.   Respondent's motion to dismiss the petition as untimely (Dkt. 15) is DENIED
16   without prejudice to renewing the motion and addressing the equitable tolling issue set forth above
17   no later than **twenty-eight (28) days** of the date of this Order. If Respondent chooses to file a
18   renewed motion, Petitioner shall file an opposition, no later than **twenty-eight (28) days** of his
19   receipt of the renewed motion, and Respondent shall file with the Court and serve on Petitioner a
20   reply no later than **fourteen (14) days** of receipt of any opposition.

21   2.   Should Respondent fail to file a renewed motion to dismiss within the twenty-
22   eight-day time frame, Respondent is directed to SHOW CAUSE why the petition should not be
23   granted. Respondent shall file with this Court and serve upon Petitioner, no later than **sixty (60)**
24   **days** of the date of this Order, an Answer conforming in all respects to Rule 5 of the Rules
25   Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.
26   Respondent shall file with the Answer a copy of all portions of the state trial record that have been
27   transcribed previously and that are relevant to a determination of the issues presented by the
28   petition.

3. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent no later than **sixty (60) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision sixty days after the date Petitioner is served with Respondent's Answer.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the court informed of any change of address by filing a separate paper with the Clerk of the Court headed "NOTICE OF CHANGE OF ADDRESS," and comply with any orders of the Court within the time allowed or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson,* 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Petitioner is reminded that all communications with the Court, whether by way of formal legal motions or informal letters, must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

6. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

7. This Order terminates Docket No. 15.

IT IS SO ORDERED.

Dated: February 20, 2015

YVONNE GONZALEZ ROGERS
United States District Judge